IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEANN MANCUSO, | ) |
|                 Plaintiff, | ) |
| v. | ) Civil Action No. 21-769 |
| TARGET AT SOUTH HILL VILLAGE, TARGET CORPORATION, and JOHN DOE 1, | ) |
|                 Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is the Motion for Sanctions filed by Target Corporation and Target at South Hills Village (collectively, "Target" or "Defendant"). (Docket No. 39). For the reasons that follow, Target's motion shall be granted in part and denied in part, and this action shall be dismissed with each party to bear her or its own costs.

**I.      Background**

On May 3, 2021, Plaintiff Roseann Mancuso commenced this personal injury action against Target and an unidentified "John Doe 1" in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] (Docket No. 1-1). On June 11, 2021, Target removed the case to this Court. (Docket No. 1). Following an initial case management conference held on July 20, 2021 (Docket No. 11), the Court issued a Case Management Order that same day, establishing various case management deadlines including the deadline of February 28, 2022, for completing fact discovery, and the deadline of May 31, 2022, for completing expert discovery. (Docket No. 12).

---

[1] Given that the identity of "John Doe 1" has never been ascertained, nor has Plaintiff sought limited discovery for the purpose of learning the identity of such individual, nor has such individual been served, the Court's determination as to whether Plaintiff has failed to prosecute her case applies to both Target and John Doe 1.

1

On August 2, 2021, the parties, through counsel, filed a Joint Motion for Protective Order (Docket No. 16) which the Court granted, in part, on August 4, 2021. (Docket No. 17). The parties commenced discovery, during which Target produced a store video at Plaintiff's request on July 20, 2021. (Docket No. 21). On August 6, 2021, Target served its first set of discovery requests on Plaintiff. (*Id.*).

On August 16, 2021, Plaintiff's counsel filed a "Petition of Counsel for Plaintiff for Leave to Withdraw," seeking to withdraw from representing Plaintiff due to irreconcilable differences impeding counsel's ability to effectively represent Plaintiff in this matter. (Docket No. 19). The Court construes this "petition" as a motion pursuant to Federal Rule of Civil Procedure 7(b). The Court entered an Order the next day staying the matter for a period of sixty (60) days, or until October 18, 2021, so that Plaintiff could endeavor to obtain new counsel. (Docket No. 20). After the expiration of the stay and in the absence of any indication that Plaintiff had secured new counsel, on October 26, 2021, Target's counsel sent a letter to Plaintiff asking her whether she intended to pursue her claim and whether she had obtained new counsel. (Docket No. 21-1). That same date, Target filed a Motion for a Status Conference. (Docket No. 21). The Court granted Target's motion and scheduled a status conference for November 4, 2021, further ordering Plaintiff's counsel of record to inform Plaintiff of her obligation to appear personally at the status conference. (Docket No. 22).

On November 1, 2021, Target's counsel filed a status report informing the Court that Plaintiff had advised that she was scheduled to undergo a medical procedure at the exact date and time as the scheduled status conference. (Docket No. 23). Accordingly, the Court rescheduled the status conference to be conducted telephonically on November 10, 2021. (Docket No. 24). The Court conducted the status conference as rescheduled, and Plaintiff personally participated as

directed. (Docket No. 25). At the status conference, the Court continued the stay for an additional thirty (30) days, until December 10, 2021, so that Plaintiff could continue to secure new counsel, and at which time she would either have new counsel or be proceeding *pro se*. (Docket Nos. 25, 26). Then, after the expiration of this second stay and in the absence of any indication that Plaintiff had secured new counsel or otherwise desired to proceed with her claim, on December 13, 2021, Target filed another Motion for a Status Conference. (Docket No. 27). The Court granted this motion and scheduled a status conference for January 6, 2022, while also extending the stay until further Order of Court. (Docket No. 28). Upon receiving notice that Plaintiff was ill, the Court rescheduled the status conference to January 25, 2022. (Docket No. 29). The Court conducted this status conference as scheduled, at which Plaintiff personally participated as directed. (Docket No. 30). At this status conference, the Court directed Plaintiff to seek new counsel within thirty (30) days, by February 22, 2022, and indicated that if she did not secure new counsel, she would be expected to proceed *pro se* and that no further extensions of the stay would be given. (Docket Nos. 30, 31). The Court also granted Plaintiff's counsel's motion to withdraw. (Docket No. 32).

The next day, on February 23, 2022, counsel for Target sent a letter to Plaintiff indicating that they had yet to receive any information regarding new counsel and that they assume she is going to be representing herself. (Docket No. 36-2). Included with this correspondence was a copy of Defendant's Discovery Requests containing interrogatories and requests for production of documents that previously had been propounded to Plaintiff through her then-counsel on August 8, 2021. (*Id.*). This letter also instructed Plaintiff to respond to Target's Discovery Requests within twenty (20) days. (*Id.*). Plaintiff never responded to this letter or otherwise provided answers or responses to Target's Discovery Requests. (Docket No. 36).

The Court held another telephonic status conference on March 8, 2022. (Docket Nos. 33,

35). Despite having notice of the conference, Plaintiff did not participate. (Docket No. 35). Accordingly, the Court directed counsel for Target to confer with Plaintiff, to complete a Rule 26(f) report within ten (10) days, and to file the Rule 26(f) report by March 18, 2022. (*Id.*). That same day, counsel for Target emailed to Plaintiff a proposed Rule 26(f) report and proposed case management order and asked her to discuss these items. (Docket No. 36-4). Target's counsel's email also re-supplied the previously provided Discovery Requests and informed Plaintiff that her responses to these discovery items were due by March 15, 2022. (*Id.*).

After not receiving Plaintiff's responses to their Discovery Requests nor receiving any other communications from Plaintiff, on March 16, 2022, Target filed a Motion to Compel. (Docket No. 36). The Court granted this motion, directing Plaintiff to provide responses to the Discovery Requests within twenty (20) days. (Docket No. 37). The Order granting the motion expressly stated that "[f]ailure to comply with this Order could result in sanctions, pursuant to Federal Rule of Civil Procedure 37, including dismissal of this action with prejudice for failure to prosecute." (*Id.*). Then, on April 13, 2022, Target filed a Motion for Sanctions (Docket No. 39), and that same day the Court issued an Order to Show Cause directing Plaintiff to explain why the Motion for Sanctions should not be granted resulting in dismissal of Plaintiff's case with prejudice. Plaintiff was ordered to file her response by May 9, 2022. (Docket No. 40). Plaintiff did not file any response to the Order to Show Cause, nor did she otherwise communicate with the Court or with Target's counsel.

## II. Plaintiff's Case Should Be Dismissed for Failure to Prosecute.

The Court is specifically authorized to dismiss an action or proceeding in whole or in part pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(d)(1) and (3), when a party fails to serve its answers, objections, or written responses to properly served interrogatories and

document requests. Moreover, the United States Court of Appeals for the Third Circuit has delineated a six-factor test to guide a district court's determination of whether the involuntary dismissal of a case is appropriate. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The Court must take into consideration: (i) the extent of the party's personal responsibility; (ii) prejudice to the adversary; (iii) the history of the party's dilatoriness; (iv) whether the attorney's conduct was willful or in bad faith; (v) alternative sanctions; and (vi) whether the claim is meritorious. *See id.* at 868-70. All six factors need not be met to warrant dismissal. *See Hicks v. Fenney*, 850 F.2d 152, 156 (3d Cir. 1988).

The instant case should be dismissed. As detailed above, Plaintiff has been given ample opportunity to retain new counsel or proceed *pro se*. Upon proceeding *pro se*, Plaintiff bears all responsibility for responding to timely propounded discovery requests. Plaintiff has been told by the Court, both orally and by written order, that failure to respond to such discovery requests could result in sanctions including the dismissal of her case. Counsel for Defendant have made several attempts to communicate with Plaintiff, yet Plaintiff has been non-responsive and non-participatory in her own case. Such repeated non-responsiveness results in prejudice to Defendant. Moreover, Plaintiff failed to respond to the Court's Order to Show Cause explaining why her claim ought not be dismissed for failure to prosecute it. Indeed, Plaintiff bears all responsibility for failing to respond to Target's reasonable discovery requests here.

While the action may state a meritorious claim, and the Court makes no determination as to the validity of Plaintiff's claim at this juncture, it is impossible for the Court to proceed with an action involving an unresponsive *pro se* litigant, particularly here where Plaintiff has ignored Defendant's discovery requests as well as their invitations that Plaintiff express her intent, or not, to continue or abandon her claim. *See, e.g., Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir.

2002) (finding that the district court did not abuse its discretion in dismissing the plaintiff's case for failure to prosecute and comply with orders).

### III.    Conclusion

For the aforementioned reasons, Defendant's Motion for Sanctions is granted in part and denied in part, and Plaintiff's claims are dismissed in their entirety.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 7th day of June, 2022, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion for Sanctions (Docket No. 39) is GRANTED IN PART and DENIED IN PART.  To the extent that Defendant seeks dismissal of the instant action for Plaintiff's failure to respond to timely served discovery requests and otherwise to prosecute, the motion is GRANTED.  To the extent that Defendant requests an award of reasonable expenses including attorney fees, the motion is DENIED.

IT IS FURTHER ORDERED that this action is hereby DISMISSED in its entirety, with each side to bear her or its own costs.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

Roseann Mancuso (via U.S. mail)
1306 Brookline Blvd.
Apt. 811
Pittsburgh, PA 15226